NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of: | **Hon. Dennis M. Cavanaugh** |
| U.S. MORTGAGE CORP. and CU NATIONAL MORTGAGE, LLC, | **OPINION** |
| Debtors, | Civil Action No. 2:11-cv-07222 (DMC)(JAD)<br>Civil Action No. 2:11-cv-07223 (DMC)(JAD) |
| ANTHONY R. CALASCIBETTA, Liquidating Trustee, | |
| Plaintiff, | |
| v. | |
| PENSON FINANCIAL SERVICES, INC., Defendants. | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>

This matter comes before the Court upon motion of Defendant Penson Financial Services, Inc. ("Penson") to Withdraw the Reference of the Adversary Proceedings to the Bankruptcy Court. ECF No. 1.  Pursuant to FED. R. CIV. P. 78, no oral argument was heard.  After considering the submissions of the parties, it is the decision of this Court for the reasons herein expressed that Defendants' motion to withdraw the reference is **granted**.

**I.     BACKGROUND**[1]

The adversary proceedings here at issue arise out of the consolidated bankruptcy case, <u>In re</u>

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

Mortgage Corp. and CU National Mortgage, LLC, No. 09-14301. On February 23, 2009, U.S. Mortgage Corp. ("USM") filed a voluntary petition for relief under Chapter 11 of the Untied States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey. On April 1, 2009, CU National Mortgage ("CU National") similarly filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On October 26, 2009, the Bankruptcy Court confirmed a liquidation plan for USM and CU National (collectively "the Debtors") which substantively consolidated the two cases. Anthony R. Calascibetta ("Trustee") was appointed as the Liquidating Trustee by the official committee of unsecured creditors.[2]

On or about February 24, 2011, the Trustee initiated an adversary proceeding against Penson regarding USM (the "USM Adversary Proceeding"). Adversary Proceeding No. 11-1214. The Complaint of the USM Adversary Proceeding asserts claims for an accounting, avoidance of preferential transfers, fraudulent transfer, civil conspiracy, aiding and abetting civil conspiracy and fraud, and conversion. On April 1, 2011, the Trustee initiated another adversary proceeding against Penson, but regarding CU National in the United States Bankruptcy Court for the District of New Jersey (the "CU National Adversary Proceeding"). Adversary Proceeding No. 11-1593. The Complaint of the CU National Adversary Proceeding asserts claims for an accounting, fraudulent transfer, civil conspiracy, aiding and abetting civil conspiracy and fraud, and conversion. Penson moved to dismiss both complaints on May 2, 2011. The parties have submitted for the bankruptcy court's approval a consented to stay of the motions pending the outcome of the instant motion to withdraw the reference before this Court. As of the date of filing of Penson's motion to withdraw,

---

[2]On February 12, 2012, this Court signed a Consent Order to substitute Edward P. Bond, Liquidating Trustee for U.S. Mortgage Corp. and CU National Mortgage, LLC, as Plaintiff to the instant matters. ECF No. 8.

the motion to stay was pending approval before the Bankruptcy Court.

Penson filed the instant motion to Withdraw the Reference of the Adversary Proceedings to the Bankruptcy Court on November 23, 2011. ECF No. 1.  Based upon the foregoing analysis, this Court holds that Penson's motion is **granted**.

## II.     LEGAL STANDARD

A District Court is empowered to "withdraw, in whole or in part, any case or proceeding referred under [28 U.S.C. § 157], on its own motion or on timely motion of any party, for cause shown . . . . " 28 U.S.C. § 157(d).[3]  Therefore, a motion to withdraw a reference of the bankruptcy proceeding will only be granted if a district court concludes that sufficient cause has been shown. See In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990).

In order to determine whether sufficient cause has been shown, courts in the Third Circuit will consider several factors.  First, as a threshold matter, the Court will determine whether the proceedings are "core" or "non-core" under 28 U.S.C. § 157(b)-(c). Doctors Assoc., Inc. v. Desai, No. 10-575, 2010 WL 3326726, at *3 (D.N.J. Aug. 23, 2010); see also In re Pelullo, No. 95-22430, 1997 U.S. Dist. LEXIS 12324, at *4 (E.D.Pa. 1997).   Next, the Court will consider the goals relevant to the prudence of withdrawal, including promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.   In re Pruitt, 910 F.2d at 1168. Finally, a Court will consider whether the parties have requested, and would be entitled to, a jury trial. In re Big V Holding Corp., No. 01-233, 2002 WL 1482392, at *5-6 (D.Del., July 11, 2002).

---

[3]There is no question that the instant proceedings do not warrant mandatory withdrawal under 28 U.S.C. § 157(d).  Accordingly, this Court confines its analysis to whether permissive withdrawal is appropriate.

**III.    DISCUSSION**

This Court finds that the considerations relevant to a motion to withdraw the reference under Third Circuit precedent counsel in favor of withdrawal. Each of the relevant factors are discussed below. The parties have not requested a jury trial for the instant adversary proceedings so there is no need to analyze the final factor.

1.    **Core - Non-Core Determination**[4]

To determine whether a proceeding is core or non-core, a Court must consult the non-exclusive list of core proceedings provided in 28 U.S.C. § 157(b)(2). In addition, a proceeding will be found to be "core" under § 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, but its nature, could arise only in the context of a bankruptcy case." See Doctors Assoc., 2010 WL 3326726, at *3, citing Corestates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 196 (3d Cir. 1999). Non-core proceedings are all remaining proceedings that fall within the bankruptcy court's "related to" jurisdiction "but are not so closely related to the bankruptcy case as to be deemed core proceedings." Id. citing Halper v. Halper, 164 F.3d 830, 837 (3d. Cir. 1999).[5] The distinction

---

[4]This Court notes that while some courts within this Circuit will require a bankruptcy court to make the threshold core - non-core determination, other courts have found it unnecessary. See Harley Hotels, Inc. v. Rain's Int'l, Ltd., 57 B.R. 773, 776 (M.D.Pa. 1985)(declining to require a Bankruptcy Court to render the initial determination as "such a two-step approach would unnecessarily prolong the decision on the merits" of the motion); see also Shalom Torah Ctrs. v. Philadelphia Indem. Ins. Cos., No. 10-6766, 2011 WL 1322295, at *2, n.4 (D.N.J. March 31, 2011). In the interest of judicial economy, and in light of the fact that the parties do not seem to dispute the core - non-core designations, this Court will resolve this threshold question.

[5]The essential inquiry in determining whether a proceeding falls within a bankruptcy court's "related to" jurisdiction is whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold the bankruptcy court's jurisdiction over the matter. In re Binder, 372 F.3d 154, 165 (3d. Cir. 2004).

between core and non-core proceedings "defines the bankruptcy court's jurisdictional role because in non-core proceedings 'the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court for de novo review and the entry of final judgment.'" Id., citing In re West Trade Partners., Inc. v. Sobel WP, LLC, No. 06-1812, 2007 U.S. Dist. LEXIS 29645, at *8-9 (D.N.J. 2007), citing Beard v. Braunstein, 914 F.2d 434, 444 (3d Cir. 1990).

The Adversary Proceedings at issue involve both core and non-core claims. The Trustee concedes that his claims for an accounting, civil conspiracy, aiding and abetting civil conspiracy and fraud, and conversion are non-core, state law claims. There does not appear to be any dispute between the parties that the fraudulent transfer and preference claims are properly designated as core claims. See 11 U.S.C. § 157(b)(2)(F) and (H).

The Trustee argues that all claims should be resolved by the Bankruptcy Court as the state law claims are inextricably intertwined with the facts of the core claims. However, this observation cuts both ways as it counsels in favor of resolution of all claims in one forum, regardless of what that forum may be. Accordingly, this Court must turn to the remaining considerations to determine whether the District Court is the more proper forum for resolution of the entirety of the Trustees claims.

    2.    **Uniformity in Bankruptcy Administration**

This Court finds that withdrawal will promote uniformity by allowing all decisions to originate from one court and be subject to the same standard of review. See Michaelson v. Golden Gate Private Equity, Inc., No. 11-807, 2011 WL 6293251, at *3, n. 7. (withdrawing the reference to avoid the same facts applying to different claims under separate standards for core or non-core claims). In light of the fact that the instant adversary proceedings contain both core and non-core

claims, it is highly likely that the same facts would be given different treatment when considered in light of each respective claim. Such a result has been found problematic in achieving uniformity in bankruptcy administration and has weighed in favor of withdrawal. Id.

Further, the Bankruptcy Court has yet to hear and determine the issues of the instant adversary proceedings which seek only to augment the bankruptcy estate and will not affect the administration of the bankruptcy plan as approved. See Shalom Torah Ctrs., 2011 WL 1322295, at *3. Withdrawal of the reference will therefore promote uniformity in the administration of the bankruptcy estate.

### 3. **Reducing Forum Shopping and Confusion**

The Defendants raise the recent United States Supreme Court case of Stern v. Marshall, 131 S.Ct. 2594 (2011) in support of their motion to withdraw the reference. While the Third Circuit has not found occasion to interpret the scope of Stern, several district and bankruptcy courts in this Circuit and others have offered competing interpretations of the decision's import. See e.g. Kurz v. EMAK Worldwide, Inc., 464 B.R. 635, 645 n. 6 (D.Del. 2011)(finding Stern to be limited to removal of state-law counterclaims that are not resolved in the process of ruling on a creditor's proof of claim); see also ARDI Ltd. P'ship v. Buncher Co., 2012 Bankr. LEXIS 1375, at *21 (Bankr. W.D.Pa. Mar. 30, 2012); but see Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld, LLP, No. 11-5994, 2011 WL 5244463, at *7 (S.D.N.Y. Nov. 2, 2011)(interpreting Stern to hold that a bankruptcy court's jurisdiction turns on whether the rights being adjudicated are public rights and whether they will necessarily be resolved in ruling on a creditor's proof of claim). Having found that reliance on Stern is not required for the disposition of the instant motion, this Court declines to weigh in on the discussion. However, while reliance on the holding of Stern is not necessary to

6

resolve the instant motion, this Court finds that the confusion generated by its holding weighs in favor of withdrawal. Michaelson, 2011 U.S. Dist. LEXIS 144315, at *9. Withdrawal at this juncture will avoid any potential future collateral attacks on a judgment issued by the Bankruptcy Court. Id. Moreover, the Court disagrees with the Trustee's conclusion that the instant motion constitutes an instance of forum shopping. The fact that Defendants did not file the instant motion until after the decision was handed down in Stern does not evidence an attempt to forum shop, but rather the intention to bring the adversary proceeding within the proper forum.

4. **Fostering the Economical Use of Debtors' and Creditors' Resources**

This Court finds that the interests of judicial economy weigh in favor of withdrawal. The majority of the Trustees' claims are non-core claims for which the bankruptcy court may not enter final judgment. 28 U.S.C. § 157(c)(1). Such claims would require the bankruptcy court to submit proposed findings of fact and conclusions of law which would then be submitted to this Court for de novo review. See Kohn v. Haymount Ltd. P'ship, LP, No. 06-2363, 2006 WL 2417297, at *3 (D.N.J. Aug. 21, 2006). Particularly in light of the fact that there is no indication that the Bankruptcy proceedings have undergone any meaningful progress, such an administration of the claims would not promote judicial efficiency or the economical use of the parties' resources. Id. There is therefore no reason "to maintain the reference to the bankruptcy court, only to bring the matter back to this Court for later reconsideration and a final decision." Id. at *3.

5. **Expediting the Bankruptcy Process**

Granting Defendants' motion for withdrawal of the reference will expedite the bankruptcy process by allowing the bankruptcy court to administer the estate as expeditiously as possible. The liquidation plan has already been confirmed and the bankruptcy court's time and resources would

be better spent administering the plan as confirmed. See <u>Shalom Torah Ctrs. v. Philadelphia Indem. Ins. Cos.</u> 2011 WL 1322295 at *3.  By withdrawing the reference, this Court will economize the bankruptcy court's resources by allowing the court to administer the estate while allowing this court to adjudicate the adversary proceedings as expeditiously as possible.

IV. **CONCLUSION**

Accordingly, this Court finds that withdrawal of the reference of the adversary proceedings to the Bankruptcy Court is warranted under the circumstances.  Defendants' motion is therefore **granted**.  An appropriate order accompanies this opinion.


S/ Dennis M. Cavanaugh

DENNIS M. CAVANAUGH, U.S.D.J.

Date:       April  19 , 2012

cc:          All Counsel of Record

             Hon. Jospeh A. Dickson, U.S.M.J.

             File

8